1  BARRY J. PORTMAN
   Federal Public Defender
2  LARA S. VINNARD
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA 95113
4  Telephone: (408) 291-7753

5  Counsel for Defendant JOHNSON

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11 UNITED STATES OF AMERICA,            )   No. CR 07-00774 JW
                                        )
12              Plaintiff,              )   **DEFENDANT JOHNSON'S**
                                        )   **SENTENCING MEMORANDUM**
13 v.                                   )
                                        )   Date:  August 25, 2008
14 PAUL JOHNSON,                        )   Time:  1:30 p.m.
                                        )   Honorable James Ware
15              Defendant.              )
   _____)

16                             **INTRODUCTION**

17      Defendant Paul Johnson will appear before this Court on August 25, 2008 on a Form 12

18 petition that includes two charges. Of the alleged violations, the defense believes that the most

19 serious charge (Charge Two) is a Grade C violation. Mr. Johnson is prepared to admit to Charge

20 Two. Mr. Johnson appears to be in Criminal History Category VI, which would result in a

21 guideline range of 8 to 14 months.

22      Mr. Johnson requests that the Court impose a sentence of time served, and raises three

23 arguments in support. First, Mr. Johnson has already served nearly six months for the conduct

24 alleged in the Form 12, including two months in federal custody and almost four months in state

25 custody. Second, the alleged violations, although serious, do not involve significant new

26 criminal conduct. Third, the alleged violations would likely have resulted in a recommendation

by the Probation Office for a community confinement sentence, but Mr. Johnson is required to register as a sex offender due to a conviction he suffered in 1993, and the Probation Office and the defense were unable to find a community placement that would accept Mr. Johnson subject to that requirement. Accordingly, the defense respectfully requests that the Court impose a sentence of time served.

## ARGUMENT

### I.  Mr. Johnson Is Prepared to Admit to Charge Two, and Has Served Nearly Six Months for the Alleged Violations

Mr. Johnson has been on federal supervised release since May 31, 2007, due to a conviction in Sacramento for aiding and abetting a bank robbery. After his release, and until his return to custody in March, 2008, Mr. Johnson was working at Payless in San Jose, driving a scoop loader. Mr. Johnson is also a musician. He plays lead guitar, writes music, and sings in a band that he formed called "VP & T." His band's musical influences include R&B, jazz, rock, and blues.

Presently, Mr. Johnson charged in a Form 12 petition with unlawful use of controlled substances (Charge One) and driving under the influence of alcohol (Charge Two).

Mr. Johnson disputes the allegation in Charge One that he used cocaine in March, 2008. The alleged positive for cocaine was obtained by Mr. Johnson's state parole officer during a routine test on March 5, 2008. What is notable is that during the same time period, Mr. Johnson was also testing with federal probation through Pathways. At the defense's request, the Probation Office provided the defense with testing results during the same time period (March 3, 2008, and March 13, 2008), which do not reflect any positive results. *See* Testing Results, Exhibit A. Moreover, Mr. Johnson does not have a history of cocaine abuse. He disputed the positive result in a state parole hearing, but nonetheless, his state parole was revoked, and he served approximately one month for the alleged cocaine positive.

Mr. Johnson is prepared to admit to Charge Two, the alleged DUI. As a procedural

DEFENDANT'S SENTENCING
MEMORANDUM
No. CR 07-00774 JW                                             2

1  matter, it should be noted that Mr. Johnson was not convicted of a DUI in state court, as will be

2  outlined below. However, it appears that under California law, the most analogous offense to an

3  alleged DUI would be a misdemeanor. *See* Cal. Veh. Code §§ 23152, 23536; Cal. Pen.Code, §

4  17. Thus, this alleged violation appears to be a Grade C.

5  With respect to that charge, the facts are as follows: On the morning of April 18, 2008,

6  Mr. Johnson reported for an interview with his federal probation officer. He was found to smell

7  of alcohol. Upon questioning, he stated that he had driven to the Probation Office, and reported

8  that he had been drinking in the early morning hours the night before.[1] A breathalyzer test was

9  administered, and the test results were at the legal limit – .088 and .079. Mr. Johnson's state

10 parole officer was alerted, and he was taken into state custody. His parole was again revoked,

11 and he received a sentence of three months with half time for a parole violation. He remained in

12 state custody until he came into federal custody on June 30, 2008.

13 Mr. Johnson has remained in federal custody since June 30, 2008, for the reasons outlined

14 below. Accordingly, the defense estimates that he has served nearly six months to date.

**II.     The Alleged Violations Would Warrant a Community Placement Sentence, Were it Not for the Fact that Mr. Johnson is Required to Register as a Sex Offender**

When Mr. Johnson appeared in federal court, the Probation Office proposed placing Mr.

Johnson in a community confinement setting, such as a halfway house or residential treatment

facility. However, neither the Probation Office nor the defense were able to locate a facility that

could accommodate Mr. Johnson's needs. Specifically, he is required to register as a sex

offender due to a conviction almost 15 years ago, in 1993, for assault with intent to commit rape.

Additionally, because he is on state parole and is supervised in San Jose, he must live within a 50

mile radius of San Jose. Thus, in light of these restrictions, Mr. Johnson has remained in custody

---

[1] It is an open question whether Mr. Johnson's *Miranda* rights were violated by this questioning, given that he was subjected to interrogation while in a custodial setting, and he does not appear to have been *Mirandized*.

DEFENDANT'S SENTENCING
MEMORANDUM
No. CR 07-00774 JW                                3

pending his violation hearing.

In determining an appropriate sentence in this case, the Court should take into consideration that Mr. Johnson would probably have been released on bail to a program, were it not for his registration requirement and parole status. In addition, he has already served nearly six months for the violation conduct. Although the conduct alleged in Charge Two is serious, Mr. Johnson does not have a history of driving under the influence of alcohol, and the defense does not believe that this conduct is sufficiently serious to warrant a full prison sentence in the guideline range.

Finally, as Mr. Johnson has outlined in his letter to the Court, he takes responsibility for his actions. *See* Johnson Letter, Exhibit B. As he states, he has been trying to get his life back together since his release from custody last year:

> At this point in my life, I've really been trying to get my life back together and being on state parole and federal supervised release, I've really been going through the hoops to stay in compliance. So I beg the Court to consider that I'm 53 years old and that's not much left, but my job is still there waiting for me and I'm really trying to establish myself in the musical world here in San Jose.

*Id*.

Although Mr. Johnson committed an error in judgment, he was otherwise attempting to remain in compliance with the conditions of both his federal supervised release and his state parole. Accordingly, the defense respectfully requests that the Court impose a sentence of time served.

## CONCLUSION

For the foregoing reasons, the Court should impose a sentence of time served.

Dated: August 19, 2008                    Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

LARA S. VINNARD
Assistant Federal Public Defender